■    In the Matter of OLGA VERA, Appellant. DAVID C. GILBERG et al., Doing Business as GILBERG & GILBERG, Appellants. CHARLES J. HYNES, as Deputy Attorney-General, Respondent.—In a proceeding to quash a certain subpoena dated July 3, 1975 which directed petitioner to appear before a Grand Jury of Westchester County and to produce the books and records of Limpio Services, Inc., petitioner and her attorney David C. Gilberg (or his firm, Gilberg & Gilberg) appeal from an order of the County Court, Westchester County, dated July 15, 1975, which, inter alia, denied the application and granted respondent's oral application to bar petitioner's said attorney from appearing for or representing petitioner or Limpio Services, Inc., in any matters affecting the investigation into nursing homes and health related facilities in Westchester County involving Kent Nursing Home. Order modified by striking therefrom the second decretal paragraph and by substituting therefor the following: "Ordered that the respondent's oral application to disqualify David C. Gilberg from appearing for or representing petitioner or Limpio Services, Inc., in any matters affecting the investigation into nursing homes and health related facilities in Westchester County involving Kent Nursing Home is denied, without prejudice to the making of any similar application by petitioner or Limpio Services, Inc., or Kent Nursing Home, or any counsel representing them or either of them, or the County Court sua sponte, or the prosecutor, should any of them, at any future time, deem that subsequent appearing facts and circumstances warrant such disqualification and the substitution of separate counsel to represent this petitioner. In the event that a similar application is thus made, a hearing should be held to ascertain the claimed conflict of interest, and this petitioner should be called as a witness therein." As so modified, order affirmed, without costs. It is premature at this time to determine whether Gilberg's representation of both petitioner and Kent Nursing Home before the Grand Jury would be improper. As the investigation continues, it may well be appropriate that, on motion of either petitioner or Limpio Services, Inc., or Kent Nursing Home, or any attorney representing them or either of them, or the Deputy Attorney-General, or the County Court sua sponte, separate counsel should be appointed for or retained by this petitioner or by Limpio Services, Inc. (cf. People v Fiore, 11 AD2d 974). We find no merit to the appeal insofar as it concerns the denial of petitioner's application. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.

■    In the Matter of JOHN L. WANKE, JR., et al., Appellants, v NATIONAL BANK OF WESTCHESTER, Respondent.—Appeal from so much of an order of the Supreme Court, Westchester County, entered May 19, 1975, as, upon reargument, adhered to a prior determination which denied appellants' application to take respondent's deposition prior to the commencement of an action. Order affirmed insofar as appealed from, with $20 costs and disbursements. Special Term properly denied appellants' motion to take respondent's deposition prior to the commencement of an action. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.

■    ELIZABETH JONES, on Behalf of Herself as a Shareholder of Jimbeth,