OPINION OF THE COURT
Michael D. Stallman, J.
*127 After a union health care plan refuses payment to a health care provider, may the plan’s attorneys represent union members when the provider sues them individually?
Plaintiff, a medical group containing an orthopedic surgeon and a physical therapist, sues here, and in 14 other identical actions, for payment of medical services allegedly provided to the 15 individual defendants, members of a union-sponsored health care plan. Plaintiff moves here* for an order disqualifying the law firm of Manning, Raab, Dealy & Sturm from continuing its representation of the defendants.
Each defendant is a union member entitled to health care benefits paid by an employee benefit trust fund, 32 B-J Health Fund, organized pursuant to the union contract. Approximately 700 of plaintiff’s patients are members of the Health Fund, making recurrence of the instant situation probable. It is undisputed that defendant’s counsel, Manning, Raab, Dealy & Sturm, also represents the Health Fund.
Plaintiff posits that when, as here, a patient is sued because his or her health insurance carrier did not pay the doctor’s bill, that patient could implead the health insurance carrier as a third-party defendant. Plaintiff argues that because of the dual representation by the law firm of the Health Fund and its members, "the patients are prevented from joining the union [as a third-party defendant] and, therefore, their rights are being prejudiced.” (Kohl affirmation, at 2, ¶ 2.)
Plaintiff’s argument that the dual representation poses an inherent conflict between each defendant and the Health Fund is deceptively appealing. If the Health Fund did not perform as required under the contract, its members would have the right to sue the Fund. The Health Fund’s attorneys could not then represent the members in such litigation or, indeed, give them advice. That scenario, however, is merely hypothetical here.
Defense counsel asserts that the Health Fund has not paid plaintiff’s claims because they are undocumented and unverified. There is no indication that defendants and the Fund have conflicting factual or legal positions, or that there is any pending litigation between individual defendants and the Fund. There would be a conflict in representation if plaintiff recovers a judgment against an individual defendant and the Health Fund either disclaims coverage or otherwise does not pay. That possibility is apparently academic here because defense counsel *128 has represented that, if there is any ultimate recovery against any defendant by plaintiff in these actions, the Health Fund would pay plaintiff the full amount of any judgments.
Code of Professional Responsibility DR 5-105 (C) (22 NYCRR 1200.24 [c]) permits simultaneous representation of multiple clients "if it is obvious that the lawyer can adequately represent the interest of each and if each consents to the representation after full disclosure”.
Under the circumstances, movant has not met its burden of showing the existence of a conflict of interest so as to require the Fund’s law firm to justify its dual representation. The potential for conflict raised by plaintiff is purely speculative and academic. Provided that defense counsel has made, or makes, full disclosure to each client (here, the Fund and each of the individual defendants), no ethical provision or policy considerations require disqualification of defense counsel at this time.
Indeed, as a practical matter, the individual defendants are in a better position to defend against plaintiff’s claims when represented by the Fund’s attorneys. Otherwise, they would be forced to proceed alone, either pro se, or by separately retained counsel at the unnecessary personal expense of each defendant. Contrary to plaintiff’s assertion, disqualification of counsel will only complicate and delay resolution of these cases. Given the familiarity of the Health Fund attorneys with these parties and claims, and specifically with the contract provisions and billing procedures, disqualification would manifestly prejudice the individual defendants.
Disqualification motions have become a cottage industry. All too frequently, attorneys bring such motions as a litigation tactic. Even where the situation presented seems to implicate a disciplinary rule if read literally, the court must be wary to prevent its misuse, particularly when it is unnecessarily detrimental to the adverse party’s rights. (See, H.H.B.K. 45th St. Corp. v Stern, 158 AD2d 395, 396 [1st Dept 1990].)
Disqualification should not be ordered lightly, particularly where the disqualification would not advance the very purposes that the disciplinary rule seeks to promote. DR 5-105 (C) (22 NYCRR 1200.24 [c]) is intended to protect clients from an attorney who is incapable of zealously representing the potentially competing interests of each client. Mechanical, uncritical application of the disciplinary rule in this case would not only result in injustice, but would not protect the defendants, who are members of the class that the rule is intended to protect. *129 (See, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 444 [Kaye, J.].) Disqualification here would be purposeless and contrary to public policy.
Accordingly, plaintiffs motion for disqualification of defendant’s counsel is denied.

 Plaintiff brought the identical disqualification motion in each action. All motions are decided jointly in accordance with this decision and order.