OPINION OF THE COURT
W. Dennis Duggan, J.
*159 This matter is before the court on motion of the respondent (Mother) for disqualification of petitioner’s (Grandmother’s) attorney due to a potential conflict of interest.
By the underlying petition, the Mother seeks to end the Grandmother’s visitation with the five-year-old grandchild because of a criminal indictment pending against the Grandfather. The indictment charges the Grandfather with two felony counts of sexual abuse of the child. The Mother is asking that there be no contact between her child and either of the grandparents.
The basis for this motion to disqualify is that the attorney representing the Grandmother in this visitation proceeding is also representing the Grandfather in the criminal matter. This dual representation, the Mother argues, creates a conflict of interest which should disqualify the attorney from representing the Grandmother in this proceeding. She contends that the attorney’s independent professional judgment will be adversely affected by representing two clients with interests that appear to be similar but do, in fact, conflict. This conflict, the Mother contends, could impede a considered finding of the child’s best interest. The Grandmother argues that the representation will not be adverse because the two proceedings are unrelated.[1]
The Grandmother claims that no conflict of interest could arise in this case because she is not seeking any visitation on behalf of the Grandfather nor to have visitation take place in his presence. Accordingly, there would be no reason why the Grandfather would be called as a witness to testify in this proceeding. She also adds that, even if the Mother wishes to call the Grandfather to testify, he could not be compelled to testify to any incriminating acts. The Mother contends that the Grandfather may be compelled to testify and the breadth of his testimony would be determined by the court while the Grandfather is on the witness stand. The Grandfather, in the end, could be prejudiced by his testimony given in the Family Court proceeding, even if not criminally incriminating. This would require decisions by the grandparents’ attorney of which strategies to use to best protect the Grandfather’s interests *160 while potentially foregoing the interests of the Grandmother, or vice versa.[2]
An attorney’s loyalty may be divided between two clients as long as it will not "adversely affect * * * [his or her] independent professional judgment in behalf of [his or her present] client [or clients]” (Code of Professional Responsibility DR 5-105 [A], [B], [C] [22 NYCRR 1200.24 (a), (b), (c)]; Greene v Greene, 47 NY2d 447). Yet, the mere fact that an attorney may represent two clients simultaneously does not make it proper or advisable to do so (Allegretti-Freeman v Baltis, 205 AD2d 859). An unethical conflict will arise when an attorney finds himself aiding one client against the other or is compelled to choose between them (Field v Moore, 189 App Div 709). An attorney may represent multiple clients when it is so obvious that he or she may represent the clients’ interests adequately and when the clients’ consents to the representation are after full disclosure of possible effects on the attorney’s independent professional judgment on behalf of both clients. (Code of Professional Responsibility DR 5-105 [A], [B], [C] [22 NYCRR 1200.24 (a), (b), (c)].)[3] However, doubts as to the existence of an asserted conflict of interest are to be resolved in favor of disqualification *161 (Flushing Sav. Bank v FSB Props., 105 AD2d 829; Matter of Kelly, 23 NY2d 368).[4]
In this case, both clients may not be adequately represented without infringing upon the other’s interests. If the Grandfather is called to testify in the visitation proceeding, the attorney may find himself in a situation of divided loyalty, namely that the testimony of one client will likely prejudice the other client. For example, at what point should the attorney advise the Grandfather to assert his Fifth Amendment rights if, at that point, the assertion would be adverse to the Grandmother’s case. What if the Grandfather’s testimony was essential to rebut a claim of the Mother’s but the attorney was hesitant to call him to testify for fear of opening the door to an incriminating answer. These are the types of circumstances that can occur in the heat of trial and, being unpredictable, become unwaivable on the client’s part.
The Grandmother has also requested psychological evaluations of the child, the Mother, the Mother’s paramour, and of herself to determine what is in the best interest of the child. The strategy that the attorney has chosen in requesting these evaluations may hurt his other client, the Grandfather, in his criminal trial or may be calculated to aid the Grandfather while harming the Grandmother’s visitation interest. Again, this creates the potential divide of the attorney’s loyalty between his clients.
It is clear that this attorney, by representing both grandparents, even though in different proceedings, will be put in a position of choosing or aiding one client against the other when making strategic decisions such as deciding what witnesses to call and what evaluations to order. A strategy chosen to aid one client may adversely affect the other. Furthermore, while this inherent conflict may be waived in accordance with DR 5-105 (C) (22 NYCRR 1200.24 [c]), the court finds that the attorney cannot adequately represent the interests of one client without adversely affecting the other client. It is inevitable that choices will have to be made which are inherent in this conflict and, accordingly, unwaivable.
This case presents a quite different situation from that described in the recent Court of Appeals decision in Tekni-Plex, Inc. v Meyner & Landis (89 NY2d 123). Tekni-Plex *162 involved an analysis under DR 5-108 (A) (1) (22 NYCRR 1200.27 [a] [1]) regarding the representation of a new client against a former client in "a substantially related matter in which that person’s interests are materially adverse to the interests of the former client”. While the guidance of Tekni-Plex is helpful, the analysis in this case is somewhat different. In this case, although the matters are substantially related, the grandparents do not consider their interests as materially adverse. The court is holding, however, that the dual representation by the attorney of both grandparents is inherently conflictual and materially adverse to the best interest of the child and the integrity of the judicial process. The potential conflict that exists in this case presents a distinct possibility that evidence relevant to the child’s best interest will not be available to the court because of the need of the Grandmother’s counsel to serve two masters.
Based on the above, the motion of the Mother is granted and it is ordered that the attorney for the Grandmother is removed from the case due to the apparent and potential conflict of interest.

. The court is not deciding the issue of whether the Mother has standing to bring this motion as the court, sua sponte, is deciding this conflict issue (Booth v Continental Ins. Co., 167 Misc 2d 429; Matter of Vera, 49 AD2d 883, lv denied 38 NY2d 709). The court has the duty to protect the integrity of the judicial system and to enforce the ethical standards of the Bar (United States v Flanagan, 679 F2d 1072, revd on other grounds 465 US 259). This duty is incurred whether or not the parties raise the ethical issue.

. This case differs markedly from Matter of Abrams (62 NY2d 183). In Abrams, the Attorney-General moved to disqualify an attorney who represented several persons who were the target of the Attorney-General’s investigation. The claim was that the multiple representation was frustrating the investigation because the attorney was advising his clients not to testify without immunity. The Attorney-General argued "that the public has an overriding interest in ensuring the swift and effective investigation of criminal activity which must prevail over the right of suspects to be represented by an attorney of their choice whenever that attorney’s advice to his multiple clients hampers an ongoing investigation” (Matter of Abrams, supra, at 196-197). The present case presents a much different situation. Here, the best interests of a child are involved and those interests should not be prejudiced by an attorney who may be utilizing this case to gain otherwise privileged information helpful to the defense of the criminal case against his other client. The potential for damage to the child is too great for the court to ignore the potential conflict of interest, even acknowledging the right of a party being able to have representation by her attorney of choice. The rights she potentially foregoes, if the court decides to disqualify her attorney, are not of the same magnitude as those in a criminal trial. Therefore, the court has an obligation to exercise its discretion to determine if the conflict of interest presented will cast a shadow over the integrity of the judicial process or have adverse consequences to the best interest of the child and legal profession. (See, United States v Dolan, 570 F2d 1177, 1184; see also, Code of Professional Responsibility Canons 5, 9; DR 5-101 [22 NYCRR 1200.20]; EC 5-14, 5-15.)

. There is no evidence in this record that full disclosure has been made to the Grandfather.

. The Grandfather is not a party to this proceeding nor has he appeared in Family Court in any other capacity. Accordingly, the court has not had an opportunity to explore the conflict issue with him.