■ In the Matter of JASON C. and Another. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LOUISA C., Respondent; LAWRENCE C., Appellant. [702 NYS2d 613] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Bogacz, J.), entered June 28, 1999, which directed that he be represented by assigned counsel.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

Although an individual's right to representation by counsel of his choice is not absolute, "any restriction imposed on that right will be carefully scrutinized", and that right "will not yield unless confronted with some overriding competing public interest" (*Matter of Abrams [John Anonymous]*, 62 NY2d 183, 196; *see, Prodell v State of New York*, 125 AD2d 805).

When an attorney represents two or more clients with possible adverse interests, the clients should be made aware of the possible conflict and may consent to the dual representation. However, even where full disclosure has been made and the clients have consented, there are circumstances where the dual representation is so "fraught with the potential for irreconcilable conflict" that it will not be sanctioned (*Greene v Greene*, 47 NY2d 447, 451-452; *see, Prodell v State of New York, supra*, at 806; *see also,* Code of Professional Responsibility DR 5-105 [22 NYCRR 1200.24]).

The disqualification of the retained attorney from simultaneous representation of the father and mother in this proceeding was improper. The Family Court failed to make a proper inquiry into whether there was any actual or potential conflict of interest warranting disqualification (*see, Matter of Legal Aid Socy. v Patsalos*, 185 AD2d 926; *Raymond v Raymond*, 174 Misc 2d 158; *Sports Medicine Serv. v Perez*, 172 Misc 2d 126; *Booth v Continental Ins. Co.*, 167 Misc 2d 429; *see also, People v Salcedo*, 68 NY2d 130, 135). Accordingly, the matter is remitted to the Family Court, Queens County, for a hearing on whether the dual representation creates a potential or actual conflict of interest. Assuming the existence of such a conflict, the Family Court shall advise the father and mother of its possible effects on their legal rights so that they can make a knowing and intelligent decision about whether the dual representation should continue (*see, Prodell v State of New York, supra; Raymond v Raymond, supra; Sports Medicine Serv. v Perez, supra; Booth v Continental Ins. Co., supra*). Should it appear

that the dual representation is "fraught with the potential for irreconcilable conflict" (*Greene v Greene, supra,* at 451-452), then the father and mother should be permitted to express their position as to who the attorney will represent, or whether they would like to retain new counsel. In the event that the father and mother fail or refuse to indicate their position on the matter, then the Family Court may disqualify the attorney (*see, Matter of Hof,* 102 AD2d 591, 593; *Russo v Zaharko,* 53 AD2d 663, 666). Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.