■ PROMANAGEMENT ASSOCIATES, INC., Appellant, v TOM DEMOTT, Respondent. [725 NYS2d 338] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 29, 2000, which, in an action for slander, insofar as appealed from, denied plaintiff's motion to disqualify the Legal Aid Society from representing defendant, unanimously affirmed, with costs.

Plaintiff, a construction manager under contract with the City Department of Housing Preservation and Development (HPD) to supervise compliance with HPD's Tenant Interim Lease Program, lacks standing to seek to disqualify the Legal Aid Society from representing defendant, a tenant of a building in the Program, on the ground that defendant's income exceeds financial eligibility rules governing Legal Aid's acceptance of retainers in civil cases (*see, Chao v Chin,* 47 AD2d 941). Nor is disqualification warranted on the ground that Legal Aid's independent professional judgment is likely to be adversely affected by its simultaneous representation of a tenants' association of which defendant is a member and which has been sued in separate actions (Code of Professional Responsibility DR 5-105 [b] [22 NYCRR 1200.24 (b)]). According to plaintiff, defendant could seek to avoid or minimize his liability by attributing the alleged slander to the association. "That scenario, however, is merely hypothetical here," and too speculative to warrant disqualification (*Sports Medicine Serv. v Perez,* 172 Misc 2d 126, 127). There are no indications that defendant uttered the slander at the behest of or on behalf of the association, and, even if there were, there are no indications that the clients' consents to the dual representation do not represent a fully informed and well-advised resolution of any potential conflicts between them (Code of Professional Responsibility DR 5-105 [c] [22 NYCRR 1200.24 (c)]; *cf., id.,* at 127-128). Concur—Nardelli, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.