OPINION OF THE COURT
Carolyn E. Demarest, J.
The instant motion (motion sequence No. 8), originated by the court-appointed guardian for the property of Esther Tischler, Jacqueline McMickens, Esq., and supported by the predecessor counsel for plaintiff, is for approval of a settlement of legal fees and disbursements due to attorney Leon Borstein pursuant to a charging lien confirmed in open court on September 28, 2005. At the argument on a prior motion brought by the predecessor counsel to fix his fee, it was determined that assessment of the amount of the fee would be deferred pending arbitration among the parties due to the fact that counsel’s retainer agreement provided for a contingency fee. As the subject litigation has finally been resolved by settlement among all parties, it is now appropriate to address the motions to set counsel’s fee.
History of the Case
This action was commenced on behalf of plaintiff Esther Tischler, by summons and complaint dated March 26, 2003, claiming damages for the alleged failure of defendant securities brokerage, Fahnestock & Co., Inc., and defendant broker, Kenneth Gold, to redeliver, upon demand, stock of Independence *386 Community Bank Corp. and tax-free bonds which had been transferred to Fahnestock from a preexisting account at another brokerage house (Kensington Capital Corp.) and to pay interest earned on such bonds to Esther as demanded. The complaint further contains a claim that defendants breached their fiduciary duty to plaintiff by violating rules of the National Association of Securities Dealers (NASD) prohibiting manipulative, deceptive or fraudulent “devices” in effecting transactions.
Esther Tischler suffers from Down syndrome. The then 33-year-old plaintiff resided with her mother, Regina Tischler, who attended to her every need. Regina had not, however, obtained a court order authorizing her to act upon her adult daughter’s behalf. As alleged in the complaint, in March of 2000, defendant Gold met with Esther and Regina at their home and obtained authorization to open an account for Esther, signed by Esther and Regina. A second joint account was opened in the names of Regina and Esther. A certificate for 10,000 shares of Independence Community Bank Corp. (bank stock) was delivered to Gold at that meeting. Subsequently, bonds held in Esther’s name at Kensington were transferred by Gold to Fahnestock, allegedly without authority. The complaint alleged that Fahnestock had failed and refused to deliver these assets back to Esther upon demand.
Leon Borstein, Esq., who had represented Regina Tischler in prior matters, was retained to prosecute the case brought solely on behalf of Esther. The retainer agreement, dated February 2003, between the law firm, Borstein & Sheinbaum, and Regina and Esther Tischler, relating to the instant action against Fahnestock and Gold, provides for a contingent fee of 33[1]/s% of damages recovered plus payment of disbursements and expenses as billed, and is signed by both Regina and Esther whose execution was “sworn” before notary Jeanette Dukler. The complaint, filed March 27, 2003, on behalf of Esther, alleged that, despite Esther’s obvious condition as a person incapacitated by Down syndrome, and without advising Regina of the need to obtain authorization to act upon her daughter’s behalf, Gold had obtained a trading authorization for a joint account which would enable Regina to trade Esther’s assets. Based upon this improperly obtained authorization, Regina delivered to Gold a certificate for the bank stock, which stock was subsequently sold, allegedly without authorization. The complaint further alleges that, without authorization, Fahnestock transferred bonds valued at $650,000 from Esther’s Kensington account and retained interest paid thereon.
*387 By answer dated May 6, 2003, defendants Fahnestock and Gold interposed an affirmative defense alleging that Regina, as Esther’s agent and guardian, was responsible for any losses to Esther. On May 12, 2003, a third-party action was commenced against Regina Tischler alleging that she had directed all activity in Esther’s account and would be liable to Fahnestock and Gold for any damages recovered by Esther.
By order dated May 12, 2003, upon application by counsel Leon Borstein, this court appointed Jeanette Tischler, Esther’s sister-in-law, guardian ad litem to prosecute the case. Jeanette Tischler continued to retain Borstein & Sheinbaum, executing a second retainer agreement as Esther’s guardian. However, recognizing the conflict between the legal interests of Regina and Esther in the subject litigation, by handwritten letter dated July 24, 2003, receipt of which is acknowledged by Regina, Mr. Borstein advised Regina that he did not represent her in the case and that she should obtain her own lawyer. Thereafter, Regina appeared by independent counsel of her choosing or pro se. The parties proceeded to mediation in an attempt to reach a settlement.
On April 28, 2004, with all parties, including Regina, represented by separate counsel, the court was advised of a tentative settlement. However, when queried as to her position regarding the merits of such proposal, Jeanette Tischler, as guardian ad litem for Esther, indicated that she would do what her mother-in-law, Regina, wanted, thus confessing her inability to act independently in Esther’s best interest; whereupon, the court relieved Jeanette Tischler and subsequently appointed Fern Finkel, an attorney familiar with the applicable law, from the Office of Court Administration fiduciary list. Ms. Finkel also continued to retain Mr. Borstein to litigate the matter on Esther’s behalf, obviously relying upon his familiarity with the complex facts of the case to assess her ward’s interests. In light of the permanency of Esther’s incompetence, Ms. Finkel was directed by the court to commence an article 81 proceeding under the Mental Hygiene Law for the appointment of a guardian to continue to act on Esther’s behalf following the conclusion of the instant case. (See prior decision dated Sept. 19, 2005.)
The article 81 proceeding was heard by Justice Yvonne Lewis of this court who appointed Esther’s brother, Jerry Tischler, as sole guardian of Esther’s property and coguardian of her person. Upon being advised of this determination on September 22, 2004, in open court, I relieved Fern Finkel as guardian ad litem *388 and substituted Jerry Tischler. At that appearance, Regina Tischler appeared pro se, having discharged her attorney, Richard Horowitz, in court on May 12, 2004; Jerry Tischler was represented by attorney Israel Goldberg. At the next appearance on October 27, 2004, the court was advised that Israel Goldberg had been substituted by Jerry to prosecute the case for Esther and Leon Borstein was relieved. The court noted that Mr. Borstein had a charging lien pursuant to Judiciary Law § 475 against the proceeds of any recovery, the sum of which would be determined at the conclusion of the case.[1]
Subsequently, plaintiff moved to stay the instant action pending arbitration before the NASD as required by the customer agreement executed upon the opening of the subject accounts. Finding such alternative to litigation to be in the best interest of the plaintiff, the court granted the requested stay and authorized arbitration pursuant to CPLR 1209. (See decision dated Sept. 19, 2005.) Unfortunately, the guardian and his counsel failed to proceed to arbitration and the matter languished until August of 2007. In the interim, by supplemental order dated May 4, 2006, Justice Lewis relieved Jerry Tischler as guardian and replaced him with plaintiffs present guardian, Jacqueline McMickens, Esq. On October 23, 2007, this court relieved Jerry Tischler as plaintiffs guardian ad litem and substituted Ms. McMickens who has also acted as counsel.
By notice of motion dated August 9, 2007 (motion sequence No. 7), Mr. Borstein moved to vacate the stay pending arbitration and for a determination regarding his charging lien based on quantum meruit, in light of information made known to him through counsel for the parties that no arbitration had taken place or was planned. All assets, purportedly valued in excess of $800,000, formerly held by defendant Fahnestock in plaintiffs *389 account, had been delivered to the guardian. Mr. Borstein argued that the guardian and new counsel had abandoned the case and, based upon the recovery of $800,000 in assets, he should be awarded “not less than $81,143” in fees and disbursements of $3,046.91. At the return of the motion on September 5, 2007, this court was apprised of the substitution of Ms. Mc-Mickens as guardian by Justice Lewis and the failure to pursue arbitration for two years was confirmed. Mr. Borstein was directed to serve his motion on Ms. McMickens.
Upon her first appearance in this action on October 23, 2007, Ms. McMickens advised that prior counsel to guardian Jerry Tischler had been uncooperative in providing her the documentation necessary to pursue the instant litigation and that Fahnestock had indicated to her that its records had been destroyed. Mr. Borstein agreed to provide the necessary discovery and assist McMickens in prosecuting the case. The matter was adjourned to February 6, 2008, on which date Mc-Mickens advised that she intended to compromise Borstein’s fee and sought further adjournment.
On the next adjourned date, March 26, 2008, Ms. McMickens advised that she would not adopt the opposition to Mr. Borstein’s 2005 motion previously submitted by Israel Goldberg on behalf of guardian Jerry Tischler but was in settlement negotiations with both Fahnestock and Borstein. Regina Tischler was present pro se but expressed her intention to retain counsel to proceed with arbitration.[2] On May 19, 2008, John Z. Marangos, Esq. appeared for Regina Tischler. All parties agreed to pursue private mediation. No party had filed for arbitration.
By notice of motion returnable June 3, 2008, guardian Jacqueline McMickens moved for an order approving a stipulation of settlement regarding legal fees and disbursement to the firm of Borstein & Sheinbaum. On the return date, Mr. Marangos filed opposition to the award of fees to Mr. Borstein, incorporating the affirmation and memorandum of law filed by Israel Goldberg in May 2005. Mr. Marangos also took issue with the *390 failure to submit two retainer agreements referenced in Mr. Borstein’s affirmation, the first of which has now been supplied; the other, signed by guardian Jeanette Tischler, has apparently been lost.
Ms. McMickens’ motion seeks court approval of a settlement of fees to Borstein in the total sum of $82,840, including $5,326.03 in disbursements incurred to date as a result of assisting McMickens in her reconstruction of the file. Noting that bills totaling $96,297 remained unpaid since October 20, 2005, and that Esther had sufficient funds to pay such fees and would have a balance remaining in her account, following payment of such sum, of $811,602, Ms. McMickens stated that the services had been rendered exclusively for the benefit of her ward, Esther Tischler, and would be paid out of Esther’s assets notwithstanding that her mother Regina had agreed to pay for such services and had failed to do so. Mr. Borstein filed his affidavit in support of the motion, agreeing to accept such compromise without interest.
During the pendency of the motions regarding attorney’s fees, the parties, including Regina Tischler, entered into an agreement to mediate which resulted in a global settlement approved by the court following hearing in open court on the record on October 30, 2008. The court has been recently advised by letter dated November 25, 2008 from Mr. Borstein that the settlement has been effectuated and that a total of $860,000, plus interest, has been collected for Esther Tischler as a result of the litigation he instituted on her behalf.
Although, as argued by Regina through her attorney, Code of Professional Responsibility DR 5-105 (a) and (b) (22 NYCRR 1200.24 [a], [b]) precludes the simultaneous representation of multiple clients with conflicting interests, and misconduct in violation of the disciplinary rules will deprive an attorney of the right to legal fees (see Quinn v Walsh, 18 AD3d 638 [2d Dept 2005]; Matter of Winston, 214 AD2d 677 [2d Dept 1995]), in the instant case, it does not appear that Mr. Borstein did actually violate the Code as he did not act as Regina’s attorney in this matter but represented Esther exclusively throughout. It is not improper for an attorney to accept compensation for services rendered to a client from an individual other than the client, with the client’s consent, so long as the attorney’s professional judgment is not thereby compromised and the representation of the client is not directed or controlled by the person making payment. (See DR 5-107 [22 NYCRR 1200.26]; DR 5-105 [c] [22 *391 NYCRR 1200.24 (c)].) Here, the retainer agreement is signed by both the client Esther and the person taking responsibility for payment, her mother Regina. Esther’s consent was ratified as soon as practicable by her court-appointed guardian ad litem. There is no suggestion that Borstein’s representation of Esther was in anyway compromised or directed by Regina. In fact, Regina’s resistance to paying Borstein was premised upon his refusal to adhere to her wishes and his entirely proper application for appointment of an independent guardian ad litem for Esther, which she vigorously opposed in open court on several occasions. It is further noted that, by hiring Borstein and executing the retainer agreement, Regina implicitly consented to his representation of her daughter notwithstanding his prior representation of herself (see DR 5-108 [a] [22 NYCRR 1200.27 (a)]).
In the unique circumstances of this case in which the client herself was not competent to retain counsel or give consent to representation (see DR 5-108 [b]), counsel acted reasonably and appropriately in promptly seeking court appointment of an independent guardian ad litem to act on his client’s behalf and in giving written notice to Regina that, despite her execution of the retainer agreement broadly describing the representation to include “Clients’ claims and rights against Fahnestock & Co., Inc., Kenneth Gold and others as appropriate,” he did not represent her in the litigation. Borstein’s billing of Regina for services rendered to Esther did not render her his client in light of his unequivocal renunciation of such representation and his commencement of suit in Esther’s name alone. With the appointment of the guardian ad litem, who signed a new retainer agreement ratifying Borstein’s retention in the case, Regina lost standing to act on her daughter’s behalf in the settlement of the matter. Moreover, with the removal of Jerry as Esther’s guardian,[3] he was divested of standing to oppose the award of attorney’s fees to Borstein. Since the payment of the negotiated fee as now advocated by Esther’s lawfully-appointed guardian will be made out of Esther’s recovery, without contribution from Regina, Regina lacks standing to oppose the motion.
Even where a violation of the Code of Professional Responsibility has occurred, where the representation was not *392 improper from the inception, compensation for services to the date of breach of the Code or termination is recoverable. (See Margrabe v Rusciano, 55 AD3d 689 [2d Dept 2008].) There is no claim that Borstein was discharged for cause. In fact, two guardians ad litem, including plaintiffs sister-in-law and an attorney-selected by the court, continued Borstein’s retention. Without the efforts of Mr. Borstein, plaintiff would not have been able to prosecute her case as counsel was the only person willing and able to investigate and reconstruct the circumstances giving rise to her claim. Regina, undoubtedly a necessary witness in support of her daughter’s claim, was observed by this court to be insufficiently disciplined to comply with court procedure and frequently manifested her incomprehension of legal rulings. She surely could not have prosecuted the matter without Mr. Borstein’s help and guidance.
On the record at hearing held June 3, 2008, Mr. Borstein attested to his efforts in this matter, describing how Regina had presented at his office “with tens of thousands of papers, of unstapled documents . . . with bags, suitcases filled with papers,” insisting that he take the case. Preliminary to even assessing the viability of the case, Mr. Borstein had to cull and organize the evidence of plaintiffs claim (transcript of June 3, 2008). Initially expecting to proceed to arbitration on behalf of both Esther and Regina in light of the terms of their joint account, a retainer agreement was drafted and signed by both parties. However, upon his discovery that Regina was not legally authorized to represent Esther, Mr. Borstein “told the mother that I only represented the daughter at that time” and “prepared the complaint for the daughter only,” immediately seeking appointment of a guardian ad litem. In different circumstances, Mr. Borstein’s better course would have been to remove himself completely from the case, declining to represent either Esther or Regina once the conflict in their interests became apparent (see e.g. Cardinale v Golinello, 43 NY2d 288, 296 [1977] [“(A)n attorney must avoid not only the fact, but even the appearance, of representing conflicting interests”]; Matter of Hof, 102 AD2d 591 [2d Dept 1984]; Galanos v Galanos, 20 AD3d 450, 452 [2d Dept 2005]; Sidor v Zuhoski, 261 AD2d 529 [2d Dept 1999]). However, in this case, although legally adverse by virtue of defendants’ counterclaims and third-party complaint, the interests of Esther and Regina were inextricably joined as it was Regina who had initiated the representation on her daughter’s behalf and Regina alone possessed the knowledge *393 and information to support Esther’s claims. Without Regina and Leon Borstein, who had gleaned the merits of Esther’s cause of action from the voluminous disorganized documentation supplied by Regina, Esther would be unable to take any action in her own behalf. Indeed, she was possibly not even competent to give testimony at deposition or trial, although her competence to attest to her personal observations was never tested. Unfortunately, as the case progressed, Regina’s own competence came into question as she behaved ever more irrationally and became disruptive of the court proceedings. Thus, Leon Borstein became indispensable to the litigation of Esther’s claims.
Moreover, the right to counsel of one’s choice is a jealously-guarded entitlement not readily abridged. (Matter of Jason C., 268 AD2d 587 [2d Dept 2000]; Feeley v Midas Props., 199 AD2d 238 [2d Dept 1993].) Both of the guardians ad litem initially appointed to act for Esther, Jeanette Tischler and Fern Finkel, Esq., chose to continue Mr. Borstein’s representation of Esther, substantially relying on his knowledge of the case and his judgment. The present guardian, Jacqueline McMickens, Esq., who brings the instant motion, has described her own reliance on Mr. Borstein’s assistance, for which Mr. Borstein does not seek to be compensated. Thus, it was clearly the need of the client to continue Borstein’s services even after the legal conflict with Regina was apparent. Given the qualifications of Finkel and McMickens, both members of the bar, to assess any risk of prejudice to their client in having Mr. Borstein continue his representation, Esther’s knowing consent must be accepted as a fact.
Mr. Borstein has supported his claim for compensation with evidence of his substantial efforts, including many hours spent with counsel Israel Goldberg and Jacqueline McMickens subsequent to his being relieved for which he seeks no compensation. His hourly billing rate of $450, though generous, is within the parameters of the going rate at the time and is justified by counsel’s experience and the difficulty of the case. He has discounted his fees by 15% and has waived any claim for interest though he has waited years to receive compensation for which he billed in 2005. Mr. Borstein even endured a challenge by Regina brought before a bar association seeking to recover documents in his possession which this court had ordered be turned over only to new counsel for guardian Jerry, Israel Goldberg. He has not billed for his time in responding to that merit-less complaint.
*394 Mr. Borstein originally sought recovery of quantum meruit legal fees though his retainer agreement provided, for a one-third contingency fee. In addition to the recovery of securities valued in excess of $700,000, Mr. Berstein’s efforts have ultimately resulted in the payment of $85,000 in settlement. In determining the reasonable value of legal services, factors to be considered, in addition to the actual time and labor expended, are the difficulty of the case, the amount involved and the results obtained. (DR 2-106 [b] [22 NYCRR 1200.11 (b)].) Clearly, the services rendered and the result obtained, largely through the efforts of Leon Borstein (noting that no action whatsoever was taken to pursue this matter after he was relieved until he moved to vacate the stay pending arbitration), warrant approval of the fees agreed to by guardian McMickens.
Accordingly, the motion of Jacqueline McMickens for an order approving the settlement of legal fees to Borstein & Sheinbaum in the total sum of $82,840.08, inclusive of $77,514.05 in fees and $5,326.03 in disbursements, is granted and the guardian is directed to make payment thereof forthwith from the assets of Esther Tischler held by her as guardian. The outstanding motion of Leon Borstein dated August 9, 2007 is denied as moot.

. By notice of motion dated March 9, 2005 (motion sequence No. 4), attorney Borstein moved for an award of attorney’s fees based upon quantum meruit and disbursements pursuant to Judiciary Law § 475, seeking $81,143 in fees plus $3,046.91 in disbursements. The requested relief was opposed by defendants Fahnestock and Gold, based upon certain alleged inaccuracies in the moving papers, by third-party defendant Regina Tischler, asserting that all fees should be paid by Fahnestock and Gold and that the alleged inaccuracies regarding forged documents were true, but that Borstein had acted “unacceptably,” contrary to her wishes, and by Israel Goldberg as attorney for plaintiff, disputing the sum sought and movant’s entitlement to fees based upon his dual representation of both Regina and Esther. Although extensively litigated into the summer of 2005, the motion was held in abeyance pending the outcome of the litigation. As the motion has since been superceded by intervening events, the motion is deemed denied without prejudice.

. By letter dated March 28, 2008, to Regina Tischler, on notice to all parties, this court advised Mrs. Tischler, in light of her potential liability exposure as a third-party defendant, of its intent to appoint counsel for her if she did not select and retain an attorney of her own choosing. Throughout this litigation, it has been apparent that Regina Tischler, the only competent witness available to support the plaintiff’s allegations other than the defendants themselves, was not capable of litigating the matter on her own behalf. Indeed, after five years, no discovery had been conducted and no party had attempted to advance the litigation other than Mr. Borstein.

. While this court does not know the reason for Jerry’s substitution as guardian as that determination was made by my colleague, Justice Yvonne Lewis, before whom the article 81 proceeding was heard, I take note of the failure of both Jerry and his chosen counsel to act upon this court’s order and to file for arbitration of Esther’s claims.